**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | CASE NO.  1:15-cr-0034-SLB-SGC |
| | ) | |
| WILLIAM DAVID BROWNLOW, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case comes before the court on defendant's Motion to Withdraw Guilty Plea for Count Three and Motion to Dismiss Count Three.  (Doc. 9.)[1]  For the reasons set forth below, the defendant's Motion is due to be denied.

Defendant, William David Brownlow, was charged in a three-count indictment with two counts of armed robbery in violation of 18 U.S.C. § 1951 and one count of brandishing a firearm during and in relation of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 1.)  Brownlow entered into a plea agreement with Government in which he "stipulated to the accuracy" of the following facts:

### COUNT ONE

On November 12, 2013, at approximately 5:40 a.m., William BROWNLOW entered Shoe Show, a business, located at 811 East Battle Street, Talladega, Alabama.  BROWNLOW brandished a firearm and demanded money from the store clerk.  After stealing approximately $300, BROWNLOW [exited] from the store on foot.

---

[1]Reference to a document number, ["Doc. ____"], refers to the number assigned to each document as it is filed in the court's record.

ATF Agent Luke Iversen determined that Shoe Show was engaged in interstate commerce at the time of the robbery.

**COUNTS TWO and THREE**

On November 12, 2013, at approximately 10:00 p.m., William BROWNLOW entered Wesco, a business located at 609 Fort Lashley Avenue, Talladega, Alabama. BROWNLOW brandished a firearm and demanded money from the store clerk. BROWNLOW exited the store on foot after stealing approximately $5[,]505.

ATF Agent Luke Iversen has determined that Wesco was engaged in interstate commerce at the time of the robbery.

**ARREST/INVESTIGATION**

On November 13, 2013, pursuant to the issuance of a Be-On-The-Lookout (BOLO) announcement on the police radio, a call was received advising that a person matching the description of the person in the BOLO was observed walking south on Highway 77 in Talladega, Alabama. Units from the Talladega Police Department, Talladega County Sheriff's Office, and ATF Special Agent Luke Iversen responded. Upon arrival, Agent Iversen observed the defendant on the side of the road. BROWNLOW was arrested and transported to the Talladega Police Department. After waiving his *Miranda* rights, BROWNLOW confessed to committing the two armed robberies.

(Doc. 7 at 3-4.)

A change-of-plea hearing was held on April 14, 2015, during which Brownlow admitted the facts set forth in the plea agreement were true and correct and that he had received the advice and assistance of counsel. (*See generally* doc. 10.) The court informed Brownlow of the possible sentences he was facing and the rights he was giving up by pleading guilty. (*Id.* at 7-9.) Following this discussion, the court found that Brownlow was knowingly and voluntarily pleading guilty and that the requisite factual basis for the plea existed. (*Id.* at 14.) The court accepted the plea and set the case for sentencing. (*Id.*)

2

After pleading guilty but before sentencing, Brownlow filed the instant motion seeking to withdraw his guilty plea as to Count Three and to dismiss Count Three, which charged him with brandishing a weapon during a crime of violence [the Wesco armed robbery]. As the basis for his Motion, Brownlow contends that violation of § 1951 is not a "crime of violence" and, therefore, § 924(c)(3)(A) does not apply; and § 924(c)(3)(B) is unconstitutional in light of the Supreme Court's decision in *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015).[2]

In this Circuit:

> A defendant may withdraw his guilty plea before sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). *See also* [*United States v.*] *Brehm,* 442 F.3d [1291,] 1298 [(11th Cir. 2006)]. In order to determine whether the defendant has met his burden, the district court looks at "the totality of the circumstances surrounding the plea." [*United States v.*] *Buckles,* 843 F.2d [469,] 471-72 [(11th Cir. 1988)]. The district court should consider "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* at 472 (internal citations omitted). The district court is charged with weighing "[t]he good faith, credibility and weight of a defendant's assertions in support of [his motion to withdraw a guilty plea]." *Id.*

---

[2]In *Samuel Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act[, "ACCA," 18 U.S.C. § 924(e)(2)(B)(ii),] violates the Constitution's guarantee of due process." *Samuel Johnson*, 135 S. Ct. at 2563. However, the Court stated that its "decision [did] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*

*United States v. Toussaint*, No. 14-15015, _____ Fed. Appx. ____, 2015 WL 4978776, at *4

(11th Cir. Aug. 21, 2015).  A pre-sentence motion to withdraw is to be liberally construed, but

a defendant does not have an absolute right to withdraw his guilty plea before sentencing.

*United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988).

    In this Circuit, whether Hobbs Act robbery is a "crime of violence" pursuant to § 924(c)

is a "question of law" that the court must answer "'categorically' – that is, by reference to the

elements of the offense, and not the actual facts of [the defendant's] conduct."[3]   *United States*

*v. McGuire*, 706 F.3d 1333, 1336 (11th Cir. 2013)(citing *United States v. Llanos-*

*Agostadero*, 486 F.3d 1194, 1196 (11th Cir. 2007)).   The court "employ[s] this categorical

approach because of the statute's terms:  It asks whether [the defendant] committed 'an

offense' that 'has *as an element* the use, attempted use, or threatened use of physical force

---

    [3]The court notes that the future of a "categorical approach" to defining a crime of
violence under § 924(c) may be short lived.  In *Samuel Johnson*, Justice Scalia distinguished
the residual clause of § 924(e)(2)(B)(ii) from other statutes that "use terms like 'substantial
risk,' 'grave risk,' and 'unreasonable risk,'" because "[a]lmost none of the cited laws links a
phrase such as 'substantial risk' to a confusing list of examples," and, "[m]ore importantly,
almost all of the cited laws require gauging the riskiness of conduct in which an individual
defendant engages *on a particular occasion*."  *Samuel Johnson*, 135 S. Ct. at 256 (emphasis
in original).  Also, the Court indicated that the emphasis under the ACCA on the fact of
"conviction" limits the sentencing court to a categorical approach.   *Id*. at 2562.   This
distinction between past convictions and present conduct would appear to foreshadow the
abandonment of the categorical approach for § 924(c) offenses in favor of findings of fact
based on the actual conduct of the defendant in committing the predicate offense.   However,
until such time as the Supreme Court or the Eleventh Circuit announce such a change, this
court will continue to follow *McGuire*.

    Nevertheless, the court notes that the Indictment, the Plea Agreement, and the plea
colloquy set forth sufficient facts to establish that Brownlow committed a crime of violence
when he robbed the Wesco clerk at gunpoint.

against the person or property of another," or that "*by its nature,* involves a substantial risk that physical force against the person or property of another may be used.'" *Id.* at 1336-37 (quoting 18 U.S.C. § 924(c)(3)(A)-(B))(emphasis in *McGuire*).

The indictment charges Brownlow with violating 18 U.S.C. § 924(c)(1)(A)(ii) by knowingly brandishing a firearm during and in relation to a crime of violence – Hobbs Act robbery. Section 924(c)(1)(A)(ii) provides:

> . . . [A]ny person who, during and in relation to any crime of violence . . . (including a crime of violence . . . that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . –
>
> . . .
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

18 U.S.C. § 924(c)(1)(A)(ii). The statute defines "crime of violence" as:

> an offense that is a felony and –
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* (c)(3)(A)-(B). Subsection (A) is referred to as the "force clause;" subsection B is referred to as the "residual clause." *United States v. Standberry*, No. 3:15CR102-HEH, 2015 WL 5920008, at *4 n.8, ____ F. Supp. 2d ____ (E.D. Va. Oct. 9, 2015). "Brandish" is defined as

"to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person." 18 U.S.C. § 924(c)(4).

Brownlow contends that the force clause of § 924(c)(3) does not apply because:

> Robbery as defined by the Hobbs Act is broader in that the offense may be committed by taking personal property from a person by placing the person in fear of immediate or future injury to his person or property. *See* 18 U.S.C. § 1951(b). Because placing a person in fear of injury does not require the use, attempted use, or threatened use of physical force, [a] Hobbs Act robbery does not categorically fall within the force clause of § 924(c)(3).

(Doc. 9 at 2.) However, "the *Hobbs Act* is clearly a divisible statute as the language of the statute sets forth one or more elements of the offense in the alternative . . . ." *United States v. Mackie*, No. 3:14-CR-00183-MOC, 2015 WL 5732554, at *2 (W.D.N.C. Sept. 30, 2015). "Where a statute 'sets out one or more elements of the offense in the alternative,' *Descamps v. United States,* —— U.S. ——, 133 S.Ct. 2276, 2281 (June 20, 2013), a 'modified categorical approach' is applied, which allows a court to look to certain documents, including the Indictment, to determine which statutory alternative was implicated by the offense of conviction. *Id.*"[4] *Mackie*, 2015 WL 5732554, at *2.

_____

[4]The Eleventh Circuit has held:

> In most cases, the categorical approach should be the beginning and end of the analysis. But in a narrow range of cases – where the elements do not necessarily meet the generic crime of violence definition – it is appropriate for courts to apply the modified categorical approach. In applying the modified categorical analysis, courts look to the fact of conviction and the statutory definition of the prior offense, as well as any charging paper and jury instructions to ascertain whether, as a formal matter, committing the offense

---

required committing a crime of violence.

But before engaging [in] the modified categorical inquiry, courts must decide whether they are confronted with a prior conviction that warrants application of the modified analysis.   The Supreme Court has only approved using the modified categorical approach when a prior conviction is for violating a so-called divisible statute.   A divisible statute is one that sets out one or more elements of the offense in the alternative.   In a typical case brought under such a statute, the prosecutor charges one of those two alternatives, and the judge instructs the jury accordingly.   A statutory scheme that is divisible, the Supreme Court elaborated, is one in which a prosecutor charging a violation must generally select the relevant elements from its list of alternatives.   And the jury, as instructions in the case will make clear, must then find that element, unanimously and beyond a reasonable doubt.

By contrast, none of that is true of an overbroad, indivisible statute.   A sentencing court, to be sure, can hypothetically reconceive an indivisible statute in divisible terms.   But if the statutory scheme is not such that it would typically require the jury to agree to convict on the basis of one alternative as opposed to the other, then the statute is not divisible in the sense required to justify invocation of the modified categorical approach.   This is true even if in many cases the jury could have readily reached consensus on a fact that would satisfy the crime of violence definition.   If the jury is not required to decide which of the statute's alternative bases for guilt applies to a given defendant, then a later sentencing court cannot supply that missing judgment.

The Supreme Court's effort to distinguish divisible and indivisible statutes makes clear that we should ask ourselves the following question when confronted with a statute that purports to list elements in the alternative:  If a defendant charged with violating the statute went to trial, would the jurors typically be required to agree that their decision to convict is based on one of the alternative elements?   If that is true, then the statute is divisible, and the sentencing court can turn to the modified categorical approach to determine which of the alternative elements formed the basis of the particular conviction underlying the proposed sentence enhancement.   If not, then the statute is both overbroad and indivisible and cannot serve as a predicate offense for purposes of a sentence enhancement.

Determining whether a statute is divisible may be difficult sometimes.

7

Section 1951(a) provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). "Robbery" is defined as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." *Id.* (b)(1).

---

Still, courts should usually be able to determine whether a statute is divisible by simply reading its text and asking if its elements or means are drafted in the alternative. . . .

Once a court confirms that the statute of prior conviction is divisible, then – and only then – can it analyze the conviction under the modified categorical approach. This approach permits courts to examine not just the statute of conviction but also reliable materials in the record of conviction to determine whether the prior conviction falls under a particular statutory phrase that qualifies it as a crime of violence. ***Where, as here, the prior conviction stems from a guilty plea, the materials we review include the terms of the charging document, the terms of a plea agreement or transcript of colloquy or some comparable judicial record of this information. In that vein, we may also rely on facts contained in a presentence investigation report (PSR), so long as those facts are undisputed***.

*United States v. Estrella*, 758 F.3d 1239, 1245-47 (11th Cir. 2014)(emphasis added; internal citations and quotations omitted).

"Extortion" is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." *Id.* (b)(2).  Accordingly, under the terms of the Act –

> A *Hobbs Act* robbery under Section 1951 can be pled in *at least* six ways under the language of the statute:  (1) by robbery; (2) by extortion; (3) by attempting to so rob or extort; (4) by conspiring to so rob or extort; (5) by committing physical violence to any person or property in furtherance of a plan or purpose to so rob or extort; or (6) by threatening to commit physical violence to any person or property in furtherance of a plan or purpose to so rob or extort.  18 U.S.C. § 1951.  Thus, Section 1951 is a divisible statute as to which the modified categorical approach is applicable.

*Mackie*, 2015 WL 5732554, at *3.

Under a modified categorical approach the court may consider other documents, such as the Indictment and the Plea Agreement, to determine the precise alternative with which defendant has been charged.  *United States v. Braun*, No. 13-15013, ___ F.3d ___, 2015 WL 5201729, at *3 (11th Cir. Sept. 8, 2015)("The Supreme Court's solution to this difficulty is to allow the sentencing court to refer only to *Shepard* documents to determine which version of the crime the defendant was convicted of.  *Shepard* documents include "the charging document, . . . a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or . . . some comparable judicial record of this information."  (quoting  *Shepard v. United States,* 544 U.S. 13, 26 (2005))).  In this case, the Indictment charges that Brownlow "did knowingly brandish a firearm, during and in relation to a crime of violence . . . that is, Hobbs Act Robbery, as charged in Count Two of this Indictment."  (Doc. 1 at 3.)   Count Two of the Indictment charges Brownlow with

"unlawfully attempt[ing] to obstruct and affect commerce and the movement of articles in such commerce by robbery, in that the defendant, William David Brownlow, did unlawfully take property, that is, United States currency, from an employee of Wesco having lawful custody of such property, by means of ***actual and threatened physical violence in furtherance of said robbery***, in violation of Title 18, United States Code, Section 1951." (*Id.* [emphasis added].)

The law is firmly established that a Hobbs Act robbery is a crime of violence under § 924(c)(3)(A). *See United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993)("Robbery indisputably qualifies as a crime of violence. *See* 18 U.S.C. § 1951(b)(1)(containing element of 'actual or threatened force, or violence'). We determine today that conspiracy to rob in violation of § 1951 "by its nature, involves a substantial risk that physical force . . . may be used in the course of committing the offense." § 924(c)(3)(B)."), *quoted in United States v. Hicks*, Criminal Action No. 11-289-1, 2014 WL 654603, at *12 (E.D. Pa. Feb. 20, 2014), *aff'd*, 607 Fed. Appx. 206 (3d Cir. 2015); *Standberry*, 2015 WL 5920008, at *5 ("This Court will therefore join other courts in finding that Hobbs Act robbery contains as one of its elements the actual, attempted, or threatened use of physical force against the person or property of another, thereby constituting a crime of violence under § 924(c)(3)(A)."(citing *United States v. Welton*, 387 Fed. Appx 189, 191 (3d Cir. 2010)(per curiam); *United States v. Morris*, 247 F.3d 1080, 1084 (10th Cir. 2001); *United States v. Farmer*, 73 F.3d 836, 841-42 (8th Cir. 1996); *United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991); *United States v. MelgarCabrera*, No. CR 09-2962 WJ, slip op. at 13 (D.N.M. Aug. 24, 2015));

*Mackie*, 2015 WL 5732554, at *3 ("Because 'the Hobbs Act robbery charged in this case includes as an essential element "physical violence" or "a threat of physical violence"' . . . there is no doubt but that such offense would be well within the definition of 'crime of violence' found in § 924(c)(3)(A)."). *Cf. United States v. Hughes*, Criminal Action No. 2:08-CR-0019, 2008 WL 6653542, at *4 (N.D. Ga. Oct. 3, 2008)(finding "persuasive the reasoning of cases that have found a Hobbs Act **conspiracy** to commit armed robbery is a 'crime of violence' within the meaning of 18 U.S.C. § 924(c)(3)(**B**)")(emphasis added).

This court finds that Hobbs Acts robbery by means of actual and threatened physical violence, as charged in the Indictment, constitutes a "crime of violence" within the meaning of § 924(c)(3)(A). The court declines to address whether the Hobbs Act robbery would also satisfy the requirements of § 924(c)(3)(B) and/or whether subsection (B) is void for vagueness for the reasons set forth by the Supreme Court in *Samuel Johnson v. United States*. Brownlow's Motion to Dismiss Count III of his Indictment is denied.

Because the court finds that the recent Supreme Court opinion in *Samuel Johnson v. United States* does **not** apply to any charge to which Brownlow has pleaded guilty, the court finds Brownlow has failed to show any reason why he should be allowed to withdraw his plea at this time. The court's rejection of his argument that he cannot be sentenced for brandishing a firearm during a crine of violence after *Samuel Johnson* eliminates any asserted "fair and just reason" for withdrawing his guilty plea. The court specifically finds that Brownlow's guilty plea was entered knowingly and voluntarily and with the close assistance of counsel. Brownlow has admitted to the facts supporting his conviction of two counts of Hobbs Act

robbery and a count of brandishing a firearm during a crime of violence, to wit: the Hobbs Act robbery of Wesco.  The court finds no reason to allow Brownlow to withdraw his plea of guilty at this time.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that defendant has failed to show any fair and just reason for withdrawing his guilty plea and/or that Count Three of his Indictment fails to state a claim.   An Order denying defendant's Motion to Withdraw Guilty Plea for Count Three and Motion to Dismiss Count Three, (doc. 9), will be entered contemporaneously with this Memorandum Opinion.

Done this 26th day of October, 2015.

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE